AMERICAN MACHINE & FOUNDRY CO. *v.*
STAR LANES CORPORATION

SIMON *v.* SIMON

1. CREDITOR'S SUIT—DIVORCE—JUDGMENT—PARTIES—COURT RULE.
   Circuit court order, alleged as being "in the nature of proceedings supplementary to judgment", entered in an action in which a money judgment had been obtained against a defendant should be reversed and remanded for trial of the issue framed by the motion by defendant's receiver to subject all or certain of the property awarded to the defendant's wife by a divorce judgment to claims of the defendant's judgment creditors and by the former wife's answer to that motion, where that issue was not tried and determined according to established procedure, as the wife was not a party to creditor's action against husband or sued separately by the receiver, no findings of fact "specially" as required by court rule were made by the trial judge, there was no explanation of the peremptory procedure, whereby one charged as a transferee without consideration of the assets of an insolvent judgment debtor may be made a party to a pending cause and then, by the same order, caused to suffer summary determination of her rights, if any, in and to the questioned subject matter (GCR 1963, 517).

2. CREDITOR'S SUIT—DIVORCE—JUDGMENT—JOINDER OF ACTIONS.
   Joining a finally adjudicated divorce action with a pending creditor's cause against the husband was not justified and, if the former wife holds in possession assets of her former husband which, legally or equitably, should be turned over to that former husband's receiver, a determination to such effect can be made without involvement or amendment of a judgment divorcing the two.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Creditor's Bills § 69 *et seq.*

3. CREDITOR'S SUIT—JURY TRIAL—WITNESSES—CROSS-EXAMINATION.

An adverse claimant denying the debtor's right to the property in a proceeding supplementary to judgment was entitled to his full day in court, with opportunity to demand a jury trial, the right to present witnesses and the right of cross-examination (GCR 1963, 742).

Appeal from Court of Appeals, Division 2, Quinn, P. J., and McGregor and Bronson, JJ., order dismissing appeal from Oakland, William John Beer, J. Submitted June 8, 1971. (No. 1 June Term 1971, Docket Nos. 52,904, 52,905.) Decided July 7, 1971. Rehearing denied August 27, 1971.

Complaint by American Machine & Foundry Co. against Star Lanes Corporation, Statfield Co., and Hyman Simon for monies owed upon certain security agreements. Judgment for plaintiff. Complaint by Jean Simon against Hyman Simon for divorce. Judgment for plaintiff. Motion in the American Machine & Foundry Co. case by Abraham Satovsky, receiver for Hyman Simon, to subject property of Hyman Simon to claims of creditors, to add Jean Simon and Michigan Liquor Control Commission as parties and to amend the judgment in the case of Jean Simon against Hyman Simon. Order entered adding Jean Simon and Michigan Liquor Control Commission as parties and enjoining Jean Simon from selling and transferring assets formerly in the name of Hyman Simon; enjoining the transfer of a liquor license; directing transfer of the license to Abraham Satovsky, receiver for Hyman Simon; directing Jean Simon to pay the receiver certain cash items; and amending the judgment in the case of Jean Simon against Hyman Simon. Jean Simon appealed to the Court of Appeals. Appeal dismissed for want of an appeal bond. Jean Simon appeals. Reversed and remanded.

*Abraham Satovsky,* for receiver for Hyman Simon.

*Ronald C. Winiemko,* for Jean Simon.

PER CURIAM. An order alleged as being "in the nature of proceedings supplementary to judgment" was entered in the Oakland circuit December 3, 1969 (see GCR 1963, 741, 742). The entitlement under which the order was entered seems to have been the result of unusual procedure which brought together, for enforcement in the first two instances and amendment of a judgment in the third, (a) a money judgment entered August 16, 1968 by the Wayne circuit in favor of Statfield Company against Hyman Simon; (b) a money judgment entered May 1, 1969 by the Oakland circuit in favor of American Machine and Foundry Company against the same Hyman Simon, and (c) an Oakland County divorce action brought against Hyman Simon by his then wife, Jean Simon, which last resulted in a judgment of divorce entered March 5, 1969.

Jean Simon was not a party to either of the law actions and it is not claimed that she was indebted in any way to either of Hyman Simon's named judgment creditors. It is alleged that she received under the judgment of divorce certain valuable assets belonging to Hyman Simon which should be subjected to the rights of such judgment creditors, pursuant to the mentioned rules of court.

The order entered December 3, 1969 is dually entitled, first as an action brought by American Machine against Star Lanes Corporation and Hyman Simon et al., and next as an action for divorce naming Jean Simon as plaintiff and Hyman Simon as defendant. No action allegedly brought by the

receiver of Hyman Simon against Jean Simon was listed in the title until Jean Simon's claim of appeal to the Court of Appeals was filed and served. Right at the beginning this suggests doubt that the order entered December 3 may properly be considered or characterized as having been "made in a supplementary proceeding" within GCR 1963, 741.8.

The order entered December 3 is headed "Order Adding Parties Defendants; Transferring Properties of Hyman Simon to his Receiver; Amending Judgment, etc." Then it proceeds:

"On motion of Abraham Satovsky, Receiver, for the creditors of Hyman Simon.

"The Court does hereby find that Hyman Simon was rendered insolvent as a result of the default judgment of divorce in favor of Jean Simon dated March 5, 1968 [*sic*], in case No. 68–43842.

"The Court does further find that the transfer of the properties of Hyman Simon to Jean Simon under said default judgment of divorce was without fair consideration, that is, a fair equivalent therefor was not given by Jean Simon as provided under the statutes of this state.

"It is hereby ordered that Jean Simon and State of Michigan Liquor Control Commission be and they are hereby added as parties defendants herein, without any changes in the title of this court and cause.

"It is hereby further ordered that the transfers under the default judgment for divorce in case No. 68–43842 in favor of Jean Simon, be and the same are hereby set aside and held for naught, as to the following:  *  *  *  *  ."

The order enjoins Jean Simon from selling and transferring "any and all of the assets formerly in the name of Hyman Simon including those she received under said default judgment for divorce"; enjoins the Liquor Control Commission from trans-

ferring to Jean Simon a certain Class C liquor
license (previously listed in the order as an asset
belonging to Hyman Simon); directs transfer of the
license to Abraham Satovsky, receiver of and for
Hyman Simon, and directs that Jean Simon pay the
receiver certain cash items aggregating more than
$40,000.

From the order of December 3, 1969 Jean Simon
filed timely claim of appeal to the Court of Appeals.
On motion of the receiver that Court dismissed the
appeal for want of an appeal bond, said to be
required by GCR 1963, 741.8. She applied here
for leave to review. The application was granted
July 31, 1970 (383 Mich 812).

The order of the Court of Appeals must be re-
versed. So must the appealed circuit court order.
The circuit court file is remanded to circuit for
trial of the issue framed by the receiver's motion to
subject all or certain of the property awarded Jean
Simon by the divorce judgment to the claims of her
former husband's judgment creditors, and by Jean
Simon's answer to that motion.

We find no evidence in the circuit court file that
the aforesaid issue was tried and determined ac-
cording to established procedure. It hardly could
be tried until Jean Simon had been made a party
to the American Machine cause, or had been sued
separately by the receiver with issue framed that
way. No findings of fact by the trial judge, "spe-
cially" as required by GCR 1963, 517, appear in the
circuit court record, or in that court's calendar en-
tries. No explanation of the peremptory procedure
employed here, whereby one charged as transferee
without consideration of the assets of an insolvent
judgment debtor may be made a party to a pending
cause and then, by the same order, caused to suffer
summary determination of her rights, if any, in and

to the questioned subject matter. Nor can we find any justification for joining the finally adjudicated divorce action with this pending American Machine cause. If Jean Simon holds in possession assets of her former husband which, legally or equitably, should be turned over to that former husband's receiver, a determination to such effect can be made without involvement or amendment of a judgment divorcing the two.

Jean Simon was not even given an opportunity to demand and obtain a jury trial of the stated issue, if indeed such trial was desired by her. And no attention was paid to what should be obvious. That manifest is related by the Authors' Comments under GCR 1963, 742 (5 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 96):

"However the hearing on trial is obtained by the receiver, it is clear that an adverse claimant denying the debtor's right to the property is entitled to his full day in court, with opportunity to demand a jury trial, the right to present witnesses and the right of cross-examination. RJA §§ 6128, 6131."

The circuit court record being what it is, we cannot determine that Jean Simon's appeal to the Court of Appeals does or does not come within the mandate of GCR 1963, 741.8, requiring an appeal bond upon review of any final order "in a supplementary proceeding". Therefore, and to prevent possible injustice, resort must be had to GCR 1963, 865.1(7). Under that rule reversal and remand in accordance with the foregoing opinion is ordered. All costs to date shall abide the final result.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ. concurred.